CHARLES S. MCCAIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31599.  Promulgated January 25, 1932.

*W. W. Findley, Esq.*, for the petitioner.
*DeWitt M. Evans, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted a deficiency in income tax for the year 1924 in the amount of $9,130.09. The only issue is whether certain losses sustained in 1922 and 1923 may be applied to the computation of the petitioner's tax liability in 1924 under the provisions of section 204 (a) and (b) of the Revenue Act of 1921 and article 1601 of Regulations 62. The parties have filed a stipulation of facts, which is hereby incorporated in this report by reference. The petitioner also adduced certain oral and documentary evidence. At the hearing respondent, through his counsel, admitted that the petitioner sustained losses in 1922 and 1923 in the respective amounts of $49,842.12 and $5,566.05 and that such losses had been allowed as deductions from gross income in such years.

The petitioner is an individual now residing in the city of New York. In 1924 and for several years prior thereto he was the active president of the Bankers Trust Company of Little Rock, Arkansas. In the years 1922 and 1923 he received the respective amounts of $16,130 and $16,306.88 as salary for services rendered to such bank and an affiliated concern.

In 1916 the petitioner became an owner of the common stock of the Charles F. Penzel Grocer Company, hereinafter called the Grocer Company, and later, but prior to December 31, 1923, he acquired certain shares of the preferred stock thereof. On January 21, 1922, the stockholders of such company authorized the sale of its merchandise and real estate and on that date the liquidation of its business was begun. As a result of such liquidation the petitioner sustained losses on account of his holdings of common and preferred stock in 1922 and 1923 in the respective amounts of $37,593.75 and $1,246.05. The Commissioner allowed such losses as deductions from petitioner's income in such respective years.

The petitioner was a director of the Grocer Company and for several years was chairman of its executive committee. He was

not present at the hearing, but the secretary of the Bankers Trust Company, who had charge of the accounting of such company during the period of liquidation, testified that for several years the petitioner devoted about one-fifth of his time to the affairs of that company.

The only question before the Board is whether the petitioner sustained the losses above set out in 1922 and 1923 in a business " regularly carried on by the taxpayer." In the petition it is alleged that petitioner was regularly engaged in buying and selling stocks during the years 1922 and 1923 and that the losses here in controversy were sustained in connection with such business. This contention is not supported by the record, which discloses only the purchase of the common and preferred stock of the Grocer Company and no sales thereof. It has been held that an isolated transaction in stocks is not sufficient to entitle a taxpayer to the benefit of the net loss provision of the taxing statutes. *Rogers* v. *United States*, 41 Fed. (2d) 865; *Anderson* v. *United States*, 48 Fed. (2d) 201; and *J. J. Harrington*, 1 B. T. A. 11.

At the hearing and in his brief counsel for taxpayer appears to have abandoned his contention that the losses in question were sustained in the business of buying and selling securities, and he now argues that during the years under review the petitioner by reason of his connection with the Grocer Company was regularly engaged in that business. There is no basis for this contention. It is true, of course, that a man may be regularly engaged in more than one business. *Oscar K. Eysenbach*, 10 B. T. A. 716; *E. M. Elliott*, 15 B. T. A. 494; *T. I. Crane*, 17 B. T. A. 720. This, however, is not the situation here. The business of the Grocer Company, if any, during the years 1922, 1923, and 1924, was regularly conducted by that corporation and any losses sustained in the operation thereof were deductible from its income.

The losses sustained by the petitioner resulted from his investment in stocks. He was not engaged in the wholesale grocery business or in buying and selling securities for profit. In support of his contention the petitioner cites *W. H. Ostenberg*, 17 B. T. A. 738; *Elmore L. Potter*, 18 B. T. A. 549; *Glenn M. Averill*, 20 B. T. A. 1196; and *E. D. Anthony*, 20 B. T. A. 5. On their facts those cases are clearly distinguishable from the instant proceeding and are not controlling here.

*Decision will be entered for the respondent.*